**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**


| | |
|---|---|
| **UNITED STATES OF AMERICA,**      ) | |
| ) | |
| **Plaintiff,**      ) | |
| ) | |
| **v.**      ) | **Case No.  13-10200-01-MLB** |
| ) | |
| **TERRY L. LOEWEN,**      ) | |
| ) | |
| **Defendant.**      ) | |
| ) | |

## ORDER ON MOTION FOR PRETRIAL DETENTION (DOC. 12)  AND
## ORDER OF DETENTION PENDING TRIAL

On December 20, 2013, a detention hearing was conducted on the motion for pretrial detention by the United States (Doc. 12) pursuant to the Bail Reform Act, 18 U.S.C. §3142(f). The Government appeared by and through Anthony Mattivi and David Smith, Assistant United States Attorneys, and Erin Creegan, Trial Attorney, Counterterrorism Section of DOJ's National Security Division.  The defendant, Terry Loewen, appeared in person and through appointed counsel, Tim Henry and John Henderson, Assistant Federal Public Defenders.

The Government requested a detention hearing based on risk of flight and danger to the community pursuant to 18 U.S.C. §§ 3142(e), (f)(1)(A), (f)(1)(B), (f)(1)(E) and (f)(2)(A). Defendant is charged with offenses that involve a crime of violence, a maximum sentence of life imprisonment, the possession of a destructive device, and a serious risk that defendant will flee or pose a danger to the community.  The Government urges the application of a presumption of detention under 18 U.S.C. § 3142(e)(3)(C) in that the defendant is charged with attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332(a), which is an offense listed in 18 U.S.C. § 2332(b)(G)(5)(B) and for which a maximum term of imprisonment of ten years or more

is prescribed.  Defendant admits that the presumption applies but argues that it is rebutted by conditions of release which can be imposed by the Court that will allow defendant to be released on bond.  The proposed conditions include electronic monitoring and house arrest.

The Court has heard and considered proffers from both parties.  The Court has also considered the Pretrial Services Report, the written motion by the United States, the affidavit in support of the Criminal Complaint (Doc. 1) and a letter written by the defendant dated December 11, 2013.

The Government's motion for detention **(Doc. 12)** is **GRANTED**.  The following findings require the detention of the defendant pending trial in this case:

1. Based upon the Indictment, Complaint and affidavit in support, and evidence presented, the Court finds that there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 3142(e)(3)(C).  Therefore, the law imposes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

2. The Court has considered the following factors under 18 U.S.C. § 3142(g):

   **A.  The nature and circumstances of the offense charged**.

   The nature of the charged offenses is serious and they carry substantial penalties if defendant is convicted.  The alleged offenses involve attempted acts of terrorism with explosive or destructive devices.  This factor weighs in favor of detention.

   **B.   The weight of the evidence.**

   The weight of the evidence is substantial.  Evidence was proffered that defendant, in his own words, expressed his desire to commit maximum carnage and death. While the defendant proffers a defense of entrapment to the indictment, the facts

are not developed sufficiently to counter the weight of the government's proffer. This factor weighs in favor of detention.

**C.   The history and characteristics of the defendant.**

The defendant appears to have become radicalized; he has expressed a distrust and hatred of the United States government; he has a belief in violent jihad, and was willing to martyr himself for Allah.

**D.  The nature and seriousness of the danger to any person or the community posed by the defendant's release.**

The defendant's ties to the community and his family do not appear to be strong enough to balance his beliefs in violent jihad and martyrdom.  This factor favors detention.

3.      The court has considered available options, and finds by clear and convincing evidence that there are no reasonable conditions or combination of conditions that would assure the defendant's presence for future proceedings in this matter and the safety of the community.

4.      The court has considered and adopted the recommendations contained in the Pretrial Services Report.

5.      Defendant is advised of his right to seek a review and appeal of this order of detention pursuant to 18 U.S.C. § 3145(b).

IT IS THEREFORE ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the

defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 23rd day of December, 2013.


S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge