IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-10200-01 MLB |
| | ) | |
| TERRY L. LOEWEN, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MOTION TO SUPPRESS AND BRIEF**

COMES NOW the defendant, Terry L. Loewen, by and through his counsel, Timothy J. Henry and John K. Henderson, Jr., Assistant Federal Public Defenders for the District of Kansas, and moves this Court to suppress the evidence seized from defendant's vehicle the day of his arrest (December 13, 2013) as being outside the scope of the clear terms of the search warrant in violation of defendant's Fourth Amendment rights.    On behalf of this motion, defendant states as follows:

Terry Loewen is charged in a three-count indictment alleging attempted use of a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2)(D) (count 1), attempted use of an explosive device in violation of 18 U.S.C. § 844(i) (count 2), and attempted material support for a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B(a) (count 3).  *See* Docket # 9.

Defendant was arrested in this case in the early morning hours of December 13, 2013. Prior to his arrest, the FBI had obtained search warrants to execute.  One such warrant was for defendant's vehicle, a red 2010 Mazda, identified in the search warrant attached hereto as Exhibit A.    As this search warrant clearly states at its conclusion: "YOU ARE HEREBY COMMANDED to search **on or before December 12th, 2013**, . . ."   Exhibit A (emphasis

supplied).   As other documentation from this search warrant provided in discovery shows, the

execution of this search warrant occurred on December 13, 2013, outside the specific dates

contained in the warrant.   The Tenth Circuit has held:

> Under the law of this circuit, "even evidence which is properly seized pursuant to a warrant *must* be suppressed if the officers executing the warrant exhibit 'flagrant disregard' for its terms."   *Medlin II*, 842 F.2d at 1199 (emphasis added).   The basis for blanket suppression when a search warrant is executed with flagrant disregard for its terms "is found in our traditional repugnance to 'general searches' which were conducted in the colonies pursuant to writs of assistance."[]

*United States v. Foster*, 100 F.3d 846, 849 (10th Cir. 1996).   Here, it is clear the officers executing

this warrant "exhibited 'flagrant disregard' for its terms" as their search was outside the specific

dates authorized in the warrant.

The next inquiry is whether *Leon*'s good-faith exception to the exclusionary rule can be

applied to save what was clearly a search not authorized by the applicable search warrant.   *See*

*United States v. Leon*, 468 U.S. 897 (1984).

> When an officer searches pursuant to a warrant, *Leon* generally requires we presume the officer acted in good-faith reliance upon the warrant.   *United States v. Harrison*, 566 F.3d 1254, 1256 (10th Cir. 2009); *United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir. 1985).   "It is only when [an officer's] reliance was wholly unwarranted that good faith is absent."   *Cardall*, 773 F.2d at 1133.   But this presumption is not absolute.   *Harrison*, 566 F.d at 1256.   As we have reiterated many times, a warrant subsequently determined to lack probable cause demands suppression of the resulting evidence in at least four situations: (1) when "the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his 'reckless disregard of the truth.'"; (2) "when the 'issuing magistrate wholly abandon[s her] judicial role'"; (3) "when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'"; and, (4) "**when a warrant is so facially deficient that the executing officer could not reasonably believe it was valid**."

*United States v. Ponce*, 734 F.3d 1225, 1228 (10th Cir. 2013), quoting *United States v.*

*Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000), in turn, quoting *Leon* 468 U.S. at 923 (emphasis

supplied).   Here, too, suppression is still required.   The plain terms of the warrant, coupled with it being so facially deficient that one could not reasonably believe it to be valid, precludes application of *Leon's* good-faith exception to the exclusionary rule.   The warrant simply cannot reasonably be believed to be a valid when the search had to be executed "on or before December 12, 2013[.]"   Exhibit A.

WHEREFORE, for the above and foregoing reasons, defendant prays this Court suppress the evidence seized from the illegal search of defendant's vehicle as being in violation of the Fourth Amendment to the United States Constitution.

Respectfully submitted,

MELODY BRANNON EVANS
Federal Public Defender

s/Timothy J. Henry
TIMOTHY J. HENRY
KS Sup. Ct. No. 12934
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: tim_henry@fd.org

s/John K. Henderson, Jr.
JOHN K. HENDERSON, JR.
KS Sup. Ct. No. 19022
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: john_henderson@fd.org

3

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2015, I electronically filed the foregoing MOTION TO SUPPRESS AND BRIEF with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Anthony W. Mattivi
Office of United States Attorney
290 US Courthouse
444 SE Quincy
Topeka, KS 66683-3592

David C. Smith
Office of United States Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101

Erin Creegan
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

One copy sent via U.S. Mail to:

Terry L. Loewen
c/o Sedgwick County Detention Facility
141 W. Elm Street
Wichita, KS   67203

s/John K. Henderson, Jr.
JOHN K. HENDERSON, JR.
KS Sup. Ct. No. 19022
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS   67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: john_henderson@fd.org

s/Timothy J. Henry
TIMOTHY J. HENRY
KS Sup. Ct. No. 12934
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: tim_henry@fd.org