§

# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

       **Plaintiff,**

       **v.**　　　　　　　　　　　　　Case No.　**13-10200-MLB**

TERRY L. LOEWEN,

       **Defendant.**

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO SUPPRESS
### (Doc. 81)

APPEARS NOW the United States of America, by and through Barry Grissom, United States Attorney for the District of Kansas, Anthony W. Mattivi and David C. Smith, Assistant United States Attorneys, and Erin Creegan, Trial Attorney, DOJ Counterterrorism Section, and hereby responds to the DEFENDANT'S MOTION TO SUPPRESS AND BRIEF (Doc. 81).

## I.      Introduction

The government filed a complaint against Terry Loewen on December 13, 2013, charging him with one count of attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2)(D); one count of attempted use of an explosive device, in violation of 18 U.S.C. § 844(i); and one count of attempted material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a). (Doc. 1).   The grand jury indicted the defendant on identical charges on December 18, 2013. (Doc. 9).

The government presented five (5) different search warrants to the magistrate judge on the evening of December 12, 2013.   The court spent a number of hours reviewing each application, affidavit, and warrant individually, and determined that probable cause existed to authorize the warrants.[1]   Four of the five warrants were ordered to be served by December 26, 2013. The search warrant for the defendant's vehicle, however, was ordered to be served "on or before December 12th, 2013, (not to exceed 14 days) . . . in the daytime – 6:00 A.M. to 10:00 P.M."

As the magistrate judge signed each affidavit, and then signed each warrant, she consistently put two dates on the documents:   December 12, for the date all the documents were signed, and December 26, for the date by which the warrants were to be executed.   The warrant that was ordered to be served on December 12, 2013, between 6:00 A.M. and 10:00 P.M. was not signed until after 10:00 P.M. on that date.

## II.    Arguments and Authorities

The government submits it is clear from the facts that the magistrate judge, while processing a thick stack of warrants dealing with a complex set of facts, committed a simple clerical error by mistakenly putting the date she signed the warrant in place of the date by which the warrant was to be executed.   This minor technical violation is not a sufficient basis for suppression of the fruits of the search.

The Tenth Circuit has developed a two-step test to determine if a technical violation should result in suppression.   First, did the violation cause so much prejudice that the search might not have occurred or "would not have been so abrasive if the Rule had been followed," and second, was there evidence of "intentional and deliberate disregard" of a provision in the warrant?   *United States v. Sims*, 428 F.3d 945, 955 (2005) (citations omitted); *see also United States v. Garner,* 398

---

[1] The defendant has not argued that the search warrant affidavits lacked probable cause to be issued.

F. App'x 380, 2010 WL 3995980 (10th Cir. 2010) (finding that execution of an expired warrant does not require suppression of evidence if there was 1) no prejudice created by executing the warrant after the proscribed period; and 2) there was no intentional or deliberate disregard of the terms of the warrant).    Likening the analysis to a violation of Rule 41, the *Sims* court held that if the police executing the warrant a day late was not an intentional disregard for the terms of the warrant; or that it affected the probable cause in some way, suppression was not appropriate.

In *Sims*, the court held that a search warrant that was executed one day after it had expired, but within the 10 days required by the rule, did not require suppression.   Those are the exact facts confronting this Court.   Here, there is no evidence that the agents executing the warrant intentionally disregarded the terms of the warrant.   In fact, the opposite is true.   Since four other warrants were signed by the court the same day, and those execution deadlines extended until December 26, 2013, it is logical to assume that the officers believed they had the same amount of time to execute the vehicle warrant.   As a result, the execution of the vehicle warrant one day after the warrant was issued, and within the 14 day requirement of Rule 41 should not result in the suppression of evidence.

Additionally, even if the Court finds that the two-step test above has not been satisfied, the good faith exception to the exclusionary rule should apply because of a clerical error.   Clerical errors on a search warrant made by the court will not result in the suppression of evidence related to its execution.   *See Arizona v. Evans*, 514 U.S. 1 (1995) (holding that clerical errors made by court employees cannot form the basis for suppression under the exclusionary rule.).   The exclusionary rule functions to deter future violations of the Fourth Amendment because of police misconduct.   *Evans*, 514 U.S. at 10   If there is no reason to believe that the exclusionary rule will provide an "appreciable deterrence," then the application of the rule is not proper.   *Id.* at 11.   The

*Evans* court determined that the framework established in *United States v. Leon*, 468 U.S. 897 (1984), and the "good faith exception" should apply where the clerical mistake is made by a court or its employees.   *Id.* at 14.

In the present circumstances it is obvious that a clerical occurred.   The other four warrants that were signed by the magistrate judge simultaneously to the one at issue required their execution by December 26, 2013, which is 14 days from the issuing of the warrant, and consistent with Fed. R. Crim. P. 41.   Additionally, it would have been impossible to execute based upon the plain terms of the warrant itself.   Since the warrant was not signed until 10:10 p.m. on December 12, 2013, it would have been factually impossible to serve the warrant in compliance with the deadline written by the magistrate judge.   These facts demonstrate this was nothing more than a minor clerical error.   It is illogical that a court would authorize a search that could not be executed under the plain terms of the warrant, and it thus makes more sense to believe that the court mistakenly wrote the date of signing instead of the date it wanted the warrant to be executed.   This is also consistent with the fact that all of the other warrants signed on December 12, 2013, required execution by December 26, 2013.   The court committed a minor clerical error, and the good faith exception to the exclusionary rule should apply.

## III.    Conclusion

When the magistrate judge signed the warrant at 10:10 P.M. on December 12, 2013, but also wrote that the warrant was to be executed before 10:00 P.M. on that same date, she committed a clerical error that created a factual impossibility.   The warrant was still executed within the time frame provided under the law, and no prejudice resulted.   This minor technical violation is not a valid basis on which to suppress the evidence that resulted from the search.   The defendant has not

shown (indeed, he cannot show) any intentional or deliberate disregard of the terms of the warrant and, finally, the good faith exception applies.

WHEREFORE, the government respectfully requests that the defendants DEFENDANT'S MOTION TO SUPPRESS be denied.

Respectfully submitted,

BARRY GRISSOM
United States Attorney

/s/ *Anthony W. Mattivi*

Anthony W. Mattivi, # 17082
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS    66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

/s/ *David C. Smith*

David C. Smith, # 18316
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, KS    66101
Telephone:   (913) 551-6730
David.Smith5@usdoj.gov

/s/ *Erin Creegan*

Erin Creegan (VA #80265)
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone:   (202) 514-0127
Erin.Creegan@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on this __27th__ day of February, 2015, I electronically filed the foregoing pleading with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Tim Henry
John Henderson
    Counsel for Defendant Loewen
301 North Main Street, Suite 850
Wichita, KS 67202
Tim_Henry@fd.org
John_Henderson@fd.org

/s/ *Anthony W. Mattivi*

Anthony W. Mattivi

6